```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| **MANUEL RUIZ-SANCHEZ**<br><br>     **Plaintiffs**<br><br>          **v.**<br><br>**THE GOODYEAR TIRE AND RUBBER COMPANY**<br>     **Defendants** | **CIVIL NO.** 10-1598 (JAG) |

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court is Goodyear Tire and Rubber Company's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6). (Docket No. 15). For the reasons stated below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2010, Manuel Ruiz Sánchez ("Plaintiff") filed a Complaint in the Puerto Rico Court of First Instance against Goodyear Tire and Rubber Company ("Goodyear"). (Docket No. 1-4). Plaintiff alleges that he was discriminated against on account of his age and that he was unjustly terminated from his

Civil No. 10-1598 (JAG)                                                  2

employment. He claims remedies pursuant to Act No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq.* ("Law 100"); and Act No. 80 of May 30, 1976, P.R. Laws Ann. tit 29, §§ 185a *et seq.* ("Law 80").

Specifically, Plaintiff avers that he worked for Kelly Springfield Puerto Rico, Inc. ("Kelly"), a wholly owned subsidiary of Goodyear, for 33 years. (Docket No. 1-4, ¶ 4). On April 7, 2009, Emily M. Baranek ("Mrs. Baranek"), Goodyear's Human Resources Manager, visited Kelly and notified its employees that the plant would close down and they would all be terminated at the end of the month. Id. at ¶ 6. While there, Mrs. Baranek also informed the employees that Goodyear was offering a severance payment in exchange for a signed a release, and that those who disagreed with the amount should contact her. Id. at 7. The release included renouncing the right to compensation under Law 80. Id. at 11. Plaintiff wrote to Mrs. Baranek because he was unsatisfied with the proposed amount of the severance payment. Plaintiff also requested that he be transferred to Goodyear's new office in Miami. Mrs. Baranek replied verbally and later in writing that Goodyear was not willing to offer Plaintiff any arrangement other than the exit

Civil No. 10-1598 (JAG)                                                3

payment already offered to him.[1] Id. at ¶ 8-9. Plaintiff signed the release and received $28,512 on April 30, 2009. Id. at ¶ 10.

Plaintiff is claiming unjust dismissal pursuant to Law 80 because Goodyear allegedly retained other employees with less seniority and transferred them to other facilities outside Puerto Rico. Id. at ¶ 15-16. Plaintiff further posits that the release in null and void because Law 80 is unwaivable, and he received less than he is entitled to. Id. at ¶ 17. Plaintiff avers that he was not retained in employment due to his age, and is claiming age discrimination under Law 100. Id. at ¶ 19-21.

Goodyear removed the instant case on June 29, 2010. (Docket No. 1). On November 2, 2010, Goodyear moved for dismissal, (Docket No. 15).

## STANDARD OF REVIEW

12(b)(2) Standard

"A district court, faced with a motion to dismiss for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), may choose from among several methods for determining whether the plaintiff has met [its] burden of proving that court's personal jurisdiction over the defendant." Northern Laminate Sales, Inc. v. Davis, 403

---

[1] The plant closed down on April 30, 2009. (Docket No. 1-4, ¶ 6).

Civil No. 10-1598 (JAG)                                                   4

F.3d 14, 23 (1st Cir. 2005) (citing Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50-51 (1st Cir. 2002)) (citations omitted).

    The most conventional of these methods, known as the *prima facie* method, permits the district court to consider only whether or not the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.[2] Id. The Court must accept the plaintiff's properly documented evidentiary proffers as true for the purpose of determining the adequacy of a *prima facie* jurisdictional showing. Foster-Miller, 46 F.3d at 145. These facts are then taken as true and are construed in the light most congenial to the plaintiff's jurisdictional claim. Northern Laminate Sales, Inc., 403 F.3d at 24 (citing Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)) (internal citations and quotation marks omitted). "We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Id.

12(b)(6) Standard

    In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under

---

[2] For a discussion of other possible analytical methods, see Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995).

Civil No. 10-1598 (JAG)                                                5

Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). While Twombly does not require the heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiff] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified the principles that must guide this Court's assessment of the adequacy of the plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50. The court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 1949. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). A claim has facial plausibility when the pleaded facts allow the court to

Civil No. 10-1598 (JAG)                                                    6

reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 1949, 1952. Such inferences must be more than a sheer possibility and at least as plausible as any obvious alternative explanation. Id. at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 1950.

In a recent case, Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit analyzed and distilled several principles from the Supreme Court decisions in Twombly and Iqbal. It thus boiled down the inquiry a Court must perform while resolving a motion to dismiss under Fed.R.Civ.Proc. 12(b)(6) to a two-pronged approach. The first step involves the process of identifying and disregarding the threadbare recitals of the elements of a cause of action and/or the legal conclusions disguised as fact. Ocasio-Hernández, 640 F.3d at 12. The second step involves treating the non-conclusory factual allegations as true, even if seemingly incredible, and determine if those "combined allegations, taken as true, state a plausible and not merely a conceivable, case for relief." Id. (quoting Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)).

The First Circuit warned that even if determining the plausibility of a claim "requires the reviewing court to draw on

Civil No. 10-1598 (JAG)                                                7

its judicial experience and common sense," it must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 129 S. Ct. at 1950) (other citations omitted). It further stated that, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint. If matters outside the pleadings are considered, the motion must be decided under the standards applicable to a motion for summary judgment. Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 323 (1st Cir. 2008) (citing Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992). However, if the district court chooses to ignore the supplementary materials submitted with the motion, no conversion occurs. Id.

## DISCUSSION AND ANALYSIS

"A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." Mass.

Civil No. 10-1598 (JAG)                                                                8

Sch. of Law, 142 F.3d at 34 (1st Cir. 1998). "[A] defendant who has maintained a continuous and systematic linkage with the forum-state brings himself within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." Northern Laminates, 403 F.3d at 24 (citing Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999)).

In the absence of general jurisdiction, a court may still exercise "specific" or "*in personam*" jurisdiction. "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction 'is the functional equivalent of a state court sitting in the forum state.'" Northern Laminates, 403 F.3d at 24 (citing Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995)).

Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities. The First Circuit held that in diversity cases, the forum's long-arm statute limits the federal court's exercise of personal jurisdiction over a non-resident defendant. Sawtelle, 70 F.3d at 1387. Puerto Rico's long-arm statute allows Puerto Rico courts to exercise jurisdiction over

Civil No. 10-1598 (JAG) 9

a non-resident defendant if the action arises because that person: (1) transacted business in Puerto Rico personally or through an agent; or (2) participated in tortuous acts within Puerto Rico personally or through his agent. P.R. Laws Ann. tit. 32, App. III, R. 4.7(a); see also Rodríguez v. Fullerton Tires Corp., 937 F.Supp. 122, 124 (D.P.R. 1996). Furthermore, the First Circuit has noted that the reach of Puerto Rico's long-arm statute "stretches up to the point allowed by the Constitution." Benítez-Allende v. Alcan Aluminio do Brasil, S.A., 857 F.2d 26, 29 (1st Cir. 1988) (quoting Indus. Siderúrgica v. Thyssen Steel Caribbean, Inc., 14 P.R. Offic. Trans. 708, 721 (1983)) (citations omitted).

"The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Northern Laminates, 403 F.3d at 25 (citing Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174 (1985)). Due process requires that to submit a defendant to a judgment *in personam,* the defendant have minimum contacts with the forum such that traditional fair play and substantial justice are not affected. Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945))). The First Circuit has approached minimum

Civil No. 10-1598 (JAG)                                                    10

contacts via three inquiries: relatedness, purposeful availment, and reasonableness. Daynard, 290 F.3d at 60 (1st Cir. 2002).

The relatedness inquiry requires that the claim underlying the litigation arise out of, or relate to, the defendant's forum-state activities. Id. Purposeful availment requires that the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum-state, thereby invoking the benefits and protections of the laws of the state and making the defendant's involuntary presence in the courts of that state foreseeable. Id. (citing United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992)). In other words, the focus of the inquiry is on voluntariness and foreseeability. See Id. Thirdly, the exercise of jurisdiction must be reasonable in light of the gestalt factors. Daynard, 290 F.3d at 60 (citations omitted). The gestalt factors include: (1) the defendant's burden of appearing, (2) the forum-state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies. See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

Civil No. 10-1598 (JAG)                                             11

    According to the Complaint, Mrs. Baranek, a Goodyear employee, came personally to Puerto Rico to notify Kelly's employees of their termination, offer them a severance payment, and obtain releases from them. (Docket No. 1-4, ¶¶ 6-9). Subsequently, she dealt with all questions and reservations relating to the severance payment through writing. <u>Id.</u> at ¶ 7. It is alleged that Mrs. Baranek was at all times acting as a representative of Goodyear. <u>Id.</u> at ¶¶ 6-9. Plaintiff presented his written communication with Mrs. Baranek into evidence with the original complaint in State Court. (Docket No. 1-3, pp. 10-13). In view of Plaintiff's allegations and the documentary submissions, the Court is satisfied that Plaintiff has complied with the relatedness aspect of the specific jurisdiction test.

    In order to comply with the purposeful availment criteria, Goodyear's actions must have been voluntary. Furthermore it must have been foreseeable that Goodyear would be haled into court as a result of its actions. The fact that Goodyear obtained releases from Kelly's employees protecting them from lawsuits under both Federal and Puerto Rico laws is enough to convince the Court that lawsuits against it were foreseeable. (Docket No. 1-3, pp. 14-15).

Finally, the Court does not believe this case violates the notions of fair play and substantial justice. Goodyear has hired legal representation which has come before the Court and will not be unduly burdened as a result of appearing. Also, Puerto Rico has a high interest in cases like the one at bar because the laws in question are an effort by the State to protect its workers from discrimination and unjust dismissal. Plaintiff has an interest in obtaining relief because, if his case is proven as true, his livelihood was negatively affected. Finally, efficient administration of justice favors jurisdiction in this Court, where this action has been pending. See Daynard, 290 F.3d at 62-63. As a result, this Court shall exercise jurisdiction over Goodyear.

Plaintiff's Waiver of Rights

(a) Law 100 Claim

As a general rule, "[r]ights granted by the laws [of Puerto Rico] may be renounced, provided such renunciation be not contrary to law, to public interest or public order, or prejudicial to the interest of a third person." Caban Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 11 (1st Cir. 2007). (citing P.R. Laws Ann. tit. 31, § 4). The First Circuit has determined that claims pursuant to Law 100 may be waived. Id. In

Civil No. 10-1598 (JAG)                                                13

contrast, claims under Law 80 may not be waived. Otero-Burgos v. Inter-American University, 558 F.3d 1, 10 n.2 (1st Cir. 2009) (citing P.R. Laws Ann. tit. 29, § 185i).

Plaintiff signed a release upon the termination of his employment. Goodyear avers that the release is valid under Puerto Rico law and prevents Plaintiff's suit. Plaintiff posits that although the release is facially valid, it does not constitute a waiver of his Law 100 or Law 80 claim.

The Puerto Rico Supreme Court in its interpretation of Article 1709 of the Civil Code, P.R. Laws Ann. tit. 31, § 4821, has determined that the following three requirements are necessary in order for a release or settlement of a claim to be valid: (i) an uncertain legal relationship, (ii) an intent to eliminate the uncertainty, and (iii) reciprocal concessions. Caban Hernandez, 486 F. 3d at 12 (citing Citibank, N.A. v. Dependable Ins. Co., 21 P.R. Offic. Trans. 496, 506, 121 D.P.R. 503 (1988)).

In this case, the parties signed a release that they understand is valid. Moreover, the release meets the three requirements outlined by the Puerto Rico Supreme Court. "The ubiquity of litigation that surrounds the non-consensual termination of employment relationships bears powerful witness to the myriad uncertainties about legal rights and obligations

Civil No. 10-1598 (JAG)                                         14

incident to such terminations." Caban Hernandez, 486 F. 3d at 12. Thus, the Court concludes that there existed an uncertain legal relationship between the parties. The language in the release sought to eliminate said uncertainty. Thirdly, the parties made reciprocal concessions: Plaintiff agreed not to pursue any legal claims while Goodyear paid Plaintiff $28,512.

Plaintiff argues that the release is void because the release does not clearly establish "which vested legal rights must be liquidated as of the time of the release." (Docket No. 19). The Court finds this argument to be wanting in light of the wording of the release, as well as Plaintiff's failure to cite to any case law to substantiate such an argument. Therefore, the Court finds that Plaintiff validly waived his Law 100 claim.


    (b)  Law 80 Claim

Plaintiff's Law 80 claim presents a more challenging question. Law 80 provides compensation for covered employees who have been dismissed without just cause. See P.R. LAWS ANN. tit. 29, §§ 185a-185m. An employee's initial burden under Law 80 is to allege unjustified dismissal and prove actual dismissal. Morales v. Nationwide Ins. Co., 237 F.Supp.2d 147, 153 (D.P.R. 2002). Once an employee does so, the employer must establish by a preponderance of the evidence that the discharge was made for

Civil No. 10-1598 (JAG)                                              15

good cause. Godoy v. Maplehurst Bakeries, Inc., 747 F.Supp.2d 298, 318 (1st Cir. 2010).

Law 80 lists as just cause for discharge "the full, temporary or partial closing of the operations of the establishment." P.R. Laws Ann. tit. 29, § 185b(d). Law 80 states that "… in those cases in which the company has more than one office, factory, branch, or plant, the full, temporary, or partial closing of operations of any of these establishments shall constitute just cause for discharge pursuant to this section." Id.

Law 80 further provides that in cases of discharges under subsections (d), (e), and (f), "it shall be the duty of the employer to retain those employees of greater seniority on the job with preference, provided there are positions vacant or filled by employees of less seniority in the job within their occupational classification …" P.R. Laws Ann. tit. 29, §185c; see Varela Terón v. Banco Santander de Puerto Rico, 257 F.Supp.2d 454 (D.P.R. 2003). Furthermore, Law 80 provides that the right to compensation is unwaivable. P.R. Laws Ann. tit. 29 § 185i.

Law 80 clearly states that the closing of an establishment constitutes just cause for dismissal. Law 80 further clarifies that the employer has the duty to retain those employees of greater seniority on the job with preference, provided there are

Civil No. 10-1598 (JAG)                                                    16

positions vacant or filled by employees of less seniority in the job within their occupational classification. In this case, it is unclear whether the position that Plaintiff requested in Miami, as a Sales Representative, lies within his employment classification because neither party has directly addressed the issue. The Court fully recognizes that Plaintiff's position as General Manager in Puerto Rico and the position of Sales Representative in Miami have evidently different titles. However, the Court understands that it would be inappropriate to conclude that these two positions have different functions by merely distinguishing their titles.

Goodyear avers that Plaintiff was terminated for good cause because the company that employed him, Kelly, was closed. In simpler terms, Goodyear posits that as Kelly's parent company, it is not the same entity that employed Plaintiff and therefore Goodyear does not shoulder any responsibility pursuant to Law 80.[3] However, the Court does not have sufficient information at this juncture to adequately rule on this point.

Lastly, Goodyear argues that dismissal is appropriate because Plaintiff's proffered interpretation of Law 80 requires

---

[3] Goodyear has attached Anthony E. Miller's declaration to its motion to dismiss. The Court understands that said declaration is outside the pleadings. The Court has excluded Mr. Miller's declaration from its analysis thereby making conversion into a summary judgment motion unnecessary.

Civil No. 10-1598 (JAG)                                            17

an impermissible extraterritorial application of said statute. The Court finds that the issue is insufficiently briefed on this point as well. Because the Court cannot determine that Plaintiff's Law 80 rights were violated under the seniority requirement, the motion to dismiss is **DENIED**.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART AND DENIES IN PART** Goodyear's Motion to Dismiss. Plaintiff's Law 100 claim shall be dismissed with prejudice. Partial judgment to that effect shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2011.

                                    S/ Jay A. García-Gregory
                                    JAY A. GARCÍA-GREGORY
                                    United States District Judge